Moncure, J.
I concur in the opinion of Judge Lee, that the demurrers to the declaration, and to the second and third counts, were properly overruled. But I also think that the demurrer to the first count was properly overruled; and therefore dissent from his opinion on that part of the case.
The demurrer to the first count admits the contract to have been as therein set out; and we cannot therefore infer that it was otherwise from the rest of the declaration, or from considerations dehors the declaration itself. What then is the contract which the first count sets out ? It is that Jones on his part agreed to sell and deliver to Kennaird and Murdock a raft of logs in the Ohio river about a half of a mile below their landing, in consideration whereof Kennaird and Murdock, on their part, promised to pay him the sum of 90 dollars, to wit, 3 dollars in hand as earnest money, and the residue when they should he afterwards requested, deducting therefrom, however, the expense of navigating and floating 'the said logs to- their landing which they might incur over and above the services *191 of the said Murdock aud a negro in his employ; and also promised that they would cause the said raft to he navigated and floated to their landing as soon as the state of the river would permit. The plaintiff' then avers that he did accordingly sell and deliver to the plaintiffs the raft of logs, and had at all times since been ready and willing to pay the expense aforesaid ; and that the defendants did pay the said sum of 3 dollars in hand as earnest money, but had failed and refused to pay the residue of the said sum of 90 dollars, less the expense aforesaid, although often requested so to do. According to the terms of the contract as set out, Jones fulfilled his part of it by the sale and delivery of the raft. Kennaird and Murdock then became bound to pay 3 dollars in hand, and the residue of the 90 dollars, less the expense aforesaid, when afterwards (that is after the sale and delivery) requested, and to cause the raft to be navigated and floated to their landing as soon as the state of the river would permit. They paid the 3 dollars, but failed to pay the residue of the 90 dollars, less the expense aforesaid, though often requested: and for this breach the plaintiff counts. The only question in the case is, whether the said residue was payable on request, or after the raft should be floated to the defendants’ landing ? The plaintiff expressly avers that it was payable on request, and the demurrer admits the averment to be true. It is quite probable that it was expected by the parties that, before such request would be made, the raft would be floated to the defendants’ landing; that it would be so floated in a very short time, and that thus the actual expense of the operation, over and above the services of said Murdock and his negro, would be ascertained, and could be deducted from the said residue. It is quite probable that both parties would have preferred this, as a deduction of the actual was preferable to that of the estimated expense; and that, therefore, the plaintiff was willing that the said *192 residue should be payable on request, instead of being paid in hand; intending not to request it for a short time, by which time it was expected that the raft would have been floated to the defendants’ landing. If the plaintiff should be disappointed in his expectation that the raft would be floated in a short time, either by its being washed away, or by the state of the river, or other cause, he did not mean to deprive himself of the right, which the contract expressly gave him, to demand payment of the said residue; deducting in that case the estimated instead of the actual expense. The defendants did not stipulate for time to float the raft to their landing as a term of credit for the purchase money: that was expressly payable on request; and it would have been unreasonable, as well as against the terms of the contract, to have withheld the whole purchase money after request, merely for the purpose of deducting therefrom the actual instead of the estimated expense. If the plaintiff chose to make such request before the raft was floated, and the defendants were not in default for not having floated it, the jury in estimating the expense would of course take care to allow enough to cover it. But they could have had no difficulty in estimating the expense of floating a raft of logs a half a mile on the Ohio river in a proper state of water over and above the services of two men. They would have had to have made such estimate, it is admitted, if the defendants had delayed for a reasonable time to float the raft, or if it had (as it may have been) washed away by a flood. They seem to have actually made such estimate in the case, and allowed 10 dollars for the expense. That they might be required to do so, was contemplated by the parties by the very terms of their contract; though it was desirable to both, as before stated, that the actual instead of the estimated expense should be deducted, but not so desirable as to make the floating of the raft by the defendants a *193 condition precedent to the right of the plaintiff to demand the purchase money.
But it is asked, why did the defendants promise cause the raft to he floated to their landing as soon as the state of the river would permit, if he might be required to pay the purchase money before? We cannot be required to assign a motive for one of the terms of the contract when they are all plainly stated. It may have been convenient to the plaintiff to have the raft taken from his landing as soon as possible. It was doubtless desirable to him, as before stated, to ascertain the actual expense of the operation beforethe deduction was made, if it could be ble time; and he therefore required a ^m^afee the defendants to perform the operation ^s^on^th^ state of the river would permit. There may %ave been other motives which the record does n^^^Lqsej'_. But these are matters of conjecture onl&kand cannot affect the case. It is enough that the defendanwjSromised to pay the money on request; and it is no answer to say that he also promised something else. He may or may not have performed that other thing; at all events, the plaintiff charges no breach of promise in that respect.
It is also said that if the true construction of the contract be as supposed, the plaintiff might have relied alone on the common counts. This may be true, but yet it does not follow that he might not also rely on a- special count, and thus have two strings to his bow. •
I am for affirming the judgment.
Allen, Daniel and Samuels, Js. concurred in the opinion of Lee, J.
Judgment reversed.